**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 14 2012, 8:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARRELL WARREN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1112-CR-1198 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-1106-FD-9832

**June 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Darrell Warren (Warren), appeals his sentence for invasion of privacy, a Class D felony, Ind. Code § 35-46-1-15.1.

We affirm.

## ISSUE

Warren raises one issue on appeal which we restate as: Whether Warren's sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

On June 23, 2011, Warren went to the home of Erin Giacoma (Giacoma), the daughter of Cathleen Johnson (Johnson). Johnson was living at Giacoma's home along with Giacoma's children and boyfriend. At that time Johnson had a no-contact order in effect against Warren. Warren recently had an operation on his shoulder and Giacoma, a nurse, offered to look at the wound and change his bandages. When Warren arrived at Giacoma's home, Giacoma was not there and Johnson was sitting on the front porch cooking on the grill. Warren was scheduled to be sentenced the next day on an unrelated invasion of privacy conviction involving Johnson as the victim and was concerned about his upcoming sentence. Warren began talking to Johnson and attempted to persuade her to go to court and testify on his behalf and try and get him out of the charges. Johnson refused and stated that, "if [she] went to court that [she] would be telling the truth and

2

would not lie." (Transcript p. 107). Warren became angry and struck Johnson in the nose and threatened her.

On June 24, 2011, the State filed an Information charging Warren with Count I, battery, a class A misdemeanor, I.C. § 35-42-2-1(A)(1)(a); Count II, intimidation, a class D felony, I.C. § 35-45-2-1; Count III, invasion of privacy, a class A misdemeanor, I.C. § 35-46-1-15.1; Count IV, criminal trespass, a class A misdemeanor, I.C. § 35-43-2-2; Count V, invasion of privacy with prior conviction, a class D felony, I.C. § 35-46-1-15.1, and Count VI, battery resulting in bodily injury with prior conviction, a class D felony, I.C. § 35-42-2-1(a). On November 22, 2011, a bifurcated jury trial was held. The trial court granted Warren's motion for judgment on the evidence as to Count IV. The jury found Warren not guilty of Counts I and II, but guilty of Count III. Warren stipulated to the allegations of Count V and the trial court dismissed Count VI. During the sentencing hearing on December 16, 2011, the trial court merged Count III into Count V and gave Warren an executed sentence of seven hundred thirty days at the Department of Correction.

Warren now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Warren contends that his sentence of seven hundred thirty days incarceration for invasion of privacy, a class D felony, against Johnson is not appropriate in light of the nature of the offense and the character of the offender. A person who commits a class D felony shall be imprisoned for a fixed term of between six months and three years, with

3

the advisory sentence being one and one-half years. I.C. § 35-50-2-7(a). Here the trial court imposed six months greater than the advisory sentence.

Sentences within the statutory range are subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *aff'd on reh'g,* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* However, this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant bears the burden of persuading this court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

With respect to the nature of his crime, Warren argues his sentence of seven hundred thirty days is excessive because his reason for contacting Johnson was innocent and without intent to terrorize or frighten her. Rather, Warren claims he only intended to get his shoulder looked at by Giacoma. We disagree. While arriving at Giacoma's home might have been innocent, his approach of Johnson clearly was not. He attempted to persuade Johnson to change her testimony in an upcoming court proceeding and became angry and physically violent when she refused. The current invasion of privacy charge was committed when Warren was out on bond awaiting sentencing for having violated the same no-contact order previously.

We reach a similar conclusion when reviewing his character. Warren argues his sentence is excessive because Johnson played a large part in facilitating the contact in violation of a court order. However, Warren has a substantial history of various criminal convictions including seven for invasion of privacy. Many of these invasion of privacy convictions involved Johnson as the victim. Warren ignored a no-contact order by making contact with Johnson on this occasion and his repeated offenses demonstrate his conscious disregard for the legal restrictions imposed upon him. Furthermore, Johnson testified Warren physically struck her in the nose and threatened to find her at work if she did not cooperate. Based on the evidence before us, we conclude that Warren's sentence is appropriate and affirm the trial court's imposition of a seven hundred thirty day sentence.

## CONCLUSION

Based on the foregoing, we conclude Warren's sentence of seven hundred thirty days was not inappropriate in light of his character and the nature of the crime.

Affirmed.

NAJAM, J. and DARDEN, J. concur